# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ALAN DOERING,                                                                                         PLAINTIFF
ADC #106115

v.                                           2:19-cv-00045-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendations  Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   INTRODUCTION

Alan Doering ("Plaintiff") is a convicted prisoner in the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that since he arrived at the EARU in May 2018,

1

Defendants former ADC Director Wendy Kelley, Deputy Director M.D. Reed, Warden Jeremy Andrews, Deputy Warden James Dycus, and Deputy Warden Emmer Branch have violated his constitutional rights by forcing him to drink contaminated water.[1] (Doc. 4.) He seeks monetary damages and injunctive relief. (*Id.*)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal of Plaintiff's claims as a matter of law. (Docs. 123, 124, 125.) Plaintiff has not filed a Response, and the time to do so has expired. After careful consideration and for the following reasons, I conclude the Motion should be GRANTED, and I recommend Plaintiff's contaminated water claim against Defendants be DISMISSED with prejudice, and this case be CLOSED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence

---

[1] All other claims and Defendants have been previously dismissed without prejudice. (Docs. 8, 95.)

2

is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

Plaintiff did not specify in his Amended Complaint whether he is suing Defendants in their individual or official capacities.[2] (Doc. 4.) In such instances, the allegations must be construed as being raised against Defendants in their official capacities only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012). The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989*)*; *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). All Defendants were state officials during the relevant time in the Amended Complaint. The State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, I conclude Defendants are entitled to sovereign immunity from Plaintiff's request for monetary damages.

---

[2] In his original Complaint, Plaintiff said he was suing Defendants in both their official and individual capacities. (Doc. 2 at 2.) But, I specifically warned Plaintiff an Amended Complaint would render his original Complaint without any legal effect. (Doc. 3 at 5.) Even if Plaintiff is allowed to amend his complaint to include individual capacity claims, Defendants would be entitled to qualified immunity from his request for monetary damages because (as will be explained herein) Plaintiff does not have any evidence they violated his constitutional rights. *See Hamner v. Burls,* 937 F.3d 1171, 1176-77 (8th Cir. 2019) (defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to a plaintiff, do not establish a violation of his constitutional rights; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful*)*.

Sovereign immunity does not bar Plaintiff's request for prospective injunctive relief. *Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. State of Ark*., 127 F.3d 750, 754 (8th Cir. 1997). Because he is a convicted prisoner, Plaintiff's conditions of confinement claim falls under the Eighth Amendment. *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994). To proceed with his Eighth Amendment claim, Plaintiff must have evidence that: (1) objectively, he was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by those conditions. *See Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019); *Kulkay v. Roy*, 847 F.3d 637, 642-43 (8th Cir. 2017).

Lance Jones, who is the Chief Engineer of the Arkansas Department of Health, explains in his sworn Declaration that the EARU routinely treats its drinking water with chlorine to prevent the growth of bacteria. (Doc. 123-1.) He also says the EARU submits two to four water samples a month, from different parts of the unit, for testing by the Arkansas Department of Health. (*Id*.) After reviewing the extensive testing results, Mr. Jones concludes that: "From May 2018 to present, there are no water quality tests or results that indicate the water at the EARU is unsafe to drink." (Doc. 123-1 at 3; Doc. 123-2.) Plaintiff has not offered any contrary evidence. Plaintiff's allegation, in the Amended Complaint, that the water smells bad and is discolored, is not enough to establish that drinking it is creating a substantial risk to his health or safety. *See Rhodes v. Chapman,* 452 U.S. 337, 349 (1981) (the "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort"); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Only "extreme deprivations" that deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis" of an Eighth Amendment violation). And, Plaintiff has offered no evidence to support his claim that drinking the water at the EARU has made him sick.

Finally, there is no evidence Defendants were subjectively aware of and deliberately indifferent to any risk of harm. Instead, the evidence demonstrates they routinely had their drinking water tested by the Arkansas Department of Health. Because Plaintiff does not have evidence to support either element of a conditions of confinement claim, I conclude Defendants are entitled to summary judgment, and I recommend the contaminated water claim against them be dismissed with prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. 123) be GRANTED, Plaintiff's contaminated water claim against Defendants Kelley, Reed, Andrews, Dycus, and Branch be DISMISSED with prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 25th day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE